IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PAUL WAHLSTROM                                                      PLAINTIFF

vs.                                       Civil No. 04-4149

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                           DEFENDANT

## **MEMORANDUM AND ORDER**

**Factual and Procedural Background:**

Paul Wahlstrom (hereinafter "Plaintiff"), has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his application for social security benefits pursuant to the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i) and 423*.

Plaintiff requested a hearing before an Administrative Law Judge (hereinafter "ALJ"), which was conducted on September 12, 2003 (T. 216-237). On February 27, 2004, the ALJ issued an unfavorable decision (T. 12-27). Plaintiff sought review by the Appeals Council. His request for review was denied on September 4, 2004 (T. 4-6), thereby making the decision of the ALJ the final decision of the Commissioner. From that decision, Plaintiff appeals (Doc. #1).

**Applicable Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000); see also Craig v. Apfel 212 F.3d 433, 435-436 (8th Cir. 2000)*. Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the

Commissioner's conclusion. *See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999)*. In considering whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Prosch, 201 F.3d at 1012*. We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. *See id.*

In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993)*. Even if this Court might have weighed the evidence differently, the decision of the ALJ may not be reversed if there is enough evidence in the record to support the decision. *Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992)*. It is well settled that proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan, 981 F.2d 976, 978 (8th Cir.1992)*.

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 416.920(b)*. If the claimant is so involved, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether claimant has a severe impairment or combination of impairments. *Id., § 416.920(c); see 20 C.F.R. § 416.926*. If not, benefits are denied; if so, the evaluation proceeds to the next step.

-2-

The third step involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 416.920(d)*. If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 416.920(e)*. If so, benefits are denied; if not, the evaluation continues.

The fifth step involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education and work experience. *Id., § 404.920(f)*. If so, benefits are denied; if not, benefits are awarded.

In addition, whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a)*.

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d)*. Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e)*.

**Discussion:**

Upon a review of the administrative record, the undersigned has discovered an omission in the administrative record. Indeed, this matter is not ready for consideration and decision, in that a crucial portion of the administrative record, a portion of the transcription of the administrative hearing, during which the plaintiff is testifying, was omitted from the administrative record (T. 232-234).

AO72A
(Rev. 8/82)

It is impossible for the Court to determine if substantial evidence supports the Commissioner's decision since the transcript filed herein does not contain the entirety of the plaintiff's testimony at the hearing, which necessarily means that a critical portion of the administrative transcript is missing, as is a critical portion of "the evidence upon which the findings and decision complained of are based" *42 U.S.C. § 405(g)*. Until the entire, corrected transcript is gathered and filed, the Court does not have the ability to enter a proper judgment on the merits of this case.

The undersigned declines to remand this matter, sua sponte, for several reasons. To remand this matter pursuant to sentence four, as opposed to sentence six, would be inappropriate in light of the prejudicial effect such remand would have on the Plaintiff's right of redress before this Court.

The United States Court of Appeals for the Eighth Circuit has held:

Section 405(g), which governs judicial review of final decisions made by the Commissioner, authorizes only two types of remand orders: (1) those made pursuant to sentence four, and (2) those made pursuant to sentence six. See *Melkonyan v. Sullivan, 501 U.S. 89, 98-99, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991); Hafner v. Sullivan, 972 F.2d 249, 250-51 (8th Cir.1992)*. Sentence four, by its terms, authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A sentence four remand is therefore proper whenever the district court makes a substantive ruling regarding the correctness of a decision of the Commissioner and remands the case in accordance with such a ruling. See *Melkonyan, 501 U.S. at 98, 111 S.Ct. 2157*.

**Sentence six, in contrast, authorizes a remand in only two limited situations: (1) where the Commissioner requests a remand before answering the complaint of a claimant seeking reversal of an administrative ruling, or (2) where new and material evidence is adduced that was for good cause not presented during the administrative proceedings**. See *42 U.S.C. § 405(g); Shalala v. Schaefer, 509 U.S. 292, 297 n. 2, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); Woolf v. Shalala, 3 F.3d 1210, 1215 (8th Cir.1993)*. The first of

these situations distinguishes a sentence six remand from a sentence four remand based on timing, while the second situation does so based on substance. See *Sullivan v. Finkelstein, 496 U.S. 617, 626, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990)* (noting that sentence six authorizes an "entirely different kind of remand" than sentence four). This substantive distinction insures that a remand pursuant to the second part of sentence six concerns only new and material evidence and "does not rule in any way as to the correctness of the administrative proceeding," as does a sentence four remand. *Melkonyan, 501 U.S. at 98, 111 S.Ct. 2157; see Finkelstein, 496 U.S. at 626, 110 S.Ct. 2658.*

*Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir.2000)* (emphasis supplied).

The statute provides, in its pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

Potentially, if the matter was remanded pursuant to sentence four, without direction to Commissioner to supplement the record and issue a new decision, any subsequent effort by plaintiff to commence a new civil action seeking judicial review of the denial of benefits would be barred.

A sentence six remand would also be inappropriate in light of the filing of the Commissioner's answer on January 7, 2005 (Doc. #4).

The Court has been unable to find any clear statutory direction for such a circumstance as this, where remand would technically not fit the definition/requirements of sentence six, and where, if done pursuant to sentence four, it would ultimately result in the plaintiff being time-barred from seeking judicial review, once the record has been supplemented.

Therefore, the undersigned directs the Commissioner to supplement or reconstruct the

-5-

missing portion of the transcript, within a reasonable period of time, not to exceed 60 days. This matter will be administratively terminated pending the submission of the supplemental record by the Commissioner. In the event the Commissioner is unable to produce a supplemental transcript containing the missing portion of the administrative transcript, the Commissioner shall notify the Court of the reasons for her inability to supplement the record by means of filing an appropriate motion or notice.

**Conclusion:**

We conclude that the Commissioner shall supplement the record as outlined above, within a reasonable period of time. For such purposes, a reasonable period of time shall be 60 days. Further, in the event the Commissioner is unable to supplement or reconstruct the administrative record, she is directed to notify the Court, via motion or notice, of her inability to comply with the requirements of this opinion. This matter should be and hereby is administratively terminated to allow the Commissioner a reasonable period of time to locate or reconstruct the missing portion of the administrative record. Should the Commissioner be unable to supplement the record as directed, within the time constraints set forth in the Court's Order so directing, the Court will then entertain an appropriate motion to remand.

ENTERED this 22nd day of November, 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)