IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PAUL WAHLSTROM                                        PLAINTIFF

v.                      Civil No. 04-4149

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                              DEFENDANT

## **MEMORANDUM OPINION**

**Factual and Procedural Background:**

The plaintiff in this case has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying his claim for a period of disability and disability insurance benefits (hereinafter "DIB") pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*. Both parties have filed appeal briefs (Doc. #5, 13 & 14). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

The history of the administrative proceedings is contained in the defendant's appeal brief and will not be recounted here except as necessary.

The plaintiff asserts disability due to: seizure disorder; arthritis, gout, degenerative disc disease (hereinafter "DDD"), post traumatic stress disorder (hereinafter "PTSD"), depression, fatigue and asthma. The issue before this Court is whether the Commissioner's decision is supported by substantial record evidence. Specifically, the plaintiff asserts that the ALJ erred in relying solely upon the Medical-Vocational Guidelines to making a disability determination.

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 404.1520(b)*. If the claimant is, benefits are denied; if not, the evaluation goes to the next step.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has a severe impairment or combination of impairments. *Id., § 404.1520(c); see 20 C.F.R. § 404.1526*. If not, benefits are denied; if so, the evaluation proceeds to the next step.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 404.1520(d)*. If so, benefits are awarded; if not, the evaluation continues.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 404.1520(e)*. If so, benefits are denied; if not, the evaluation continues.

Step 5 involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given claimant's age, education and work experience. *Id., § 404.1520(f)*. If so, benefits are denied; if not, benefits are awarded.

The plaintiff's administrative hearing was held on September 12, 2003, after which the ALJ issued his written decision, dated February 27, 2004, containing the following relevant findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

AO72A
(Rev. 8/82)

3. The claimant's history of alcohol and drug abuse, in remission; a seizure disorder; benign prostatic hypertrophy; asthma; gout; and degenerative disc disease of the lumbar spine are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant had the residual functional capacity to perform the exertional and nonexertional demands of medium work reduced by an inability to work in high concentrations of dust, fumes, gasses, or other pulmonary irritants and an inability to work at heights or around dangerous moving machinery.

7. The claimant is unable to perform any of his past relevant work (20 CFR § 404.1565).

11. The claimant has the residual functional capacity to perform substantially all of the full range of medium work (20 CFR § 404.1567).

12. Based on an exertional capacity for medium work, and the claimant's age, education, and work experience, Medical-Vocational Rule 203.29 and 203.30, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

13. The claimant's capacity for medium work is substantially intact and has not been compromised by any nonexertional limitations. Accordingly, using the above-cited rule(s) as a framework for decision-making, the claimant is not disabled.

14. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(f).

(T. 25-26).

AO72A
(Rev. 8/82)

**Discussion:**

This court's review is limited to whether the decision of the Commissioner to deny disability benefits to the plaintiff is supported by substantial evidence on the record as a whole. *Lorenzen v. Chater, 71 F.3d 316, 318 (8th Cir.1995)*. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion. *Pickney v. Chater, 96 F.3d 294, 296 (8th Cir.1996)*. We must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. *Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir.1996) (*citing *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993)*. Thus, this court's review is both limited and deferential to the agency. See *Ostronski v. Chater, 94 F.3d 413, 416 (8th Cir.1996)*.

The plaintiff bears the burden of proving that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least 12 months or result in death. *42 U.S.C. § 423(d)(1)(A)*. See also, *Ingram v. Chater, 107 F.3d 598, 601 (8th Cir.1997); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir.1983)*. Further, the plaintiff has the burden of showing that he is not able to perform his past relevant work. *Barrett v. Shalala, 38 F.3d 1019, 1024 (8th Cir.1994)*.

In order to qualify for disability benefits, "[a] physical or mental impairment must be established by medical evidence consisting of signs, symptoms and laboratory findings, not only by [a claimant's] statement of symptoms." *20 C.F.R. § 404.1508*. Signs are "anatomical, physiological or psychological abnormalities which can be observed apart from [a claimant's] statements (symptoms). Signs must be shown by medically acceptable clinical

4

diagnostic techniques." *20 C.F.R. § 404.1528(b)*. "Laboratory findings are anatomical, physiological, or psychological phenomena which can be shown by the use of medically acceptable laboratory diagnostic techniques." *20 C.F.R. § 404.1528(c)*.

In evaluating the plaintiff's subjective complaints, the ALJ must consider the plaintiff's allegations of pain, but also has a statutory duty to assess the credibility of plaintiff and other witnesses. *Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir.1992)*. The ALJ may discredit subjective complaints inconsistent with the record as a whole. *Ownbey v. Shalala, 5 F.3d 342, 344 (8th Cir.1993)*. The law on this issue is clear. Under *Polaski v. Heckler, 739 F.2d 1320, 1321-22 (8th Cir.1984)* (subsequent history omitted), "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Harris v. Shalala, 45 F.3d 1190, 1193 (8th Cir.1995);* see also *Baker v. Sec. of HHS, 955 F.2d 552, 555 (8th Cir.1992)*.

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler, 739 F.2d at 1322*. The ALJ "may not disregard the claimant's subjective complaints solely because the objective medical evidence does not fully support them." *Harris v. Shalala, 45 F.3d at 1193* (citing *Polaski v. Heckler, 739 F.2d at 1321-22)*.

To determine whether the ALJ properly applied the factors listed in *Polaski,* we must

AO72A
(Rev. 8/82)

determine whether the ALJ took into account all relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir.1987).* Further, the ALJ must acknowledge and consider the *Polaski* factors before discounting subjective complaints. *Brown v. Chater, 87 F.3d 963, 966 (8th Cir.1996).* The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir.1988).*

Residual functional capacity is what a plaintiff can do despite his limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's opinions, and the plaintiff's description of his limitations. *Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir.2001);* see also, *Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995); 20 C.F.R. §§ 416.945(a).*

"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen, 837 F.2d 825, 827 n. 2 (8th Cir.1988).* Examples include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions." *Id.; See 20 C.F.R., Pt. 404, Subpart P, Appendix 2, §§ 200.00(e).*

Here, it is uncontroverted that the plaintiff has been rated as 70% disabled for purposes of the Veterans Administration (hereinafter "VA"), (T. 219, 114). Plaintiff contends that his seizure disorder was precipitated by blunt trauma to the head, suffered both as a Navy Seal and as a police officer (T. 233).

The ALJ should have addressed the specifics of the disability determination of the

6

Veterans Administration. *Morrison v. Apfel, 146 F.3d 625, 628 (8th Cir.1998)*. It is true that "the ALJ does not have to discuss every piece of evidence presented...." *Miller v. Shalala, 8 F.3d 611, 613 (8th Cir.1993)*. It is also true that a disability determination by the VA is not binding on an ALJ considering a Social Security applicant's claim for disability benefits. See *Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir.1996)*. We think, however, that the VA finding was important enough to deserve explicit attention. Here, the ALJ merely stated "[h]e draws a Veterans Administration disability pension of 70%." (T. 17)

The United States Court of Appeals for the Eighth Circuit, and other courts, have held that findings of disability by other federal agencies, even though they are not binding on an ALJ, are entitled to some weight and must be considered in the ALJ's decision. See *Morrison v. Apfel, 146 F.3d at 628; Kirby v. Sullivan, 923 F.2d 1323 (8th Cir.1991); Wilkins v. Callahan, 127 F.3d1260, 1262 (10th Cir.1997); Back v. Department of Health and Human Services, 5 F.3d 476, 480 (10th Cir.1993); Fowler v. Cellophane, 596 F.2d 600, 603 (3d Cir.1979)*. The ALJ clearly did not give explicit attention to the VA rating awarded to plaintiff, herein.

If the ALJ was going to reject the VA's finding, reasons should have been given, to enable a reasoned review by the courts. As the United States Court of Appeals for the Eighth Circuit has observed:

> We are fortified in this conclusion by the fact that the Social Security Administration has given this very instruction to its adjudicators. A 1992 memorandum from the Social Security Administration's Chief Administrative Law Judge to the Office of Hearings and Appeals field personnel reminded "all ALJs and decision writers that even though another agency's determination that a claimant is disabled is not binding on SSA ..., the ALJ must evaluate it as any other piece of evidence, and address it in the decision."

7

See *Morrison v. Apfel, 146 F.3d at 628,* citing *Memorandum, Social Security Administration Office of Hearings and Appeals (Oct. 2, 1992), at 3* (emphasis added). Further, because the ALJ only acknowledged the rating, but did not consider it in light of the applicable provisions of the Social Security Act, we cannot evaluate the substantiality of the evidence supporting his determination.

**Conclusion:**

Accordingly, based on the foregoing, we conclude that the decision of the ALJ herein, denying benefits to the plaintiff, is not supported by substantial evidence, and should be reversed. This matter should be remanded to the Commissioner, for further consideration of the plaintiff's residual functional capacity. Particular attention should be paid to the VA's findings that comprise the determination that he is 70% disabled. The parties are encouraged to supplement the record in this regard.

ENTERED this 31st day of August, 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)